UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL MARTINS, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

FLOWERS FOODS, INC., FLOWERS BAKING CO. OF BRADENTON, LLC, and FLOWERS BAKING CO. OF VILLA RICA, LLC,

    Defendants.

CASE NO.: 8:16-cv-03145-MSS-JSS

## MOTION FOR COURT-SUPERVISED DISCOVERY

Defendants, Flowers Foods, Inc., Flowers Baking Co. of Bradenton, LLC, and Flowers Baking Co. of Villa Rica, LLC ("Defendants") respectfully move this Court to more closely supervise the remaining discovery in this case, including: (1) ordering counsel for the Opt-In Plaintiffs to transmit to the Opt-In Plaintiffs the proposed Notice attached hereto as Exhibit A; (2) ordering the Opt-In Plaintiffs to produce all outstanding written discovery responses, responsive documents, and any verifications by October 15, 2019; (3) ordering that going forward, absent an unforeseen emergency, Plaintiffs will be responsible for the costs incurred by Defendants associated with the cancellation of any distributor deposition with less than two business days' notice to Defendants; (4) ordering that going forward, Plaintiffs will be responsible for any additional costs incurred by Defendants associated with continuing an already commenced deposition at a later date if a distributor testifies in his/her deposition that he/she has not produced at least three business days prior to his or her deposition all responsive documents in his/her

possession, or if it otherwise becomes apparent either during or after a distributor's deposition that there are responsive documents that were not produced at least three business days prior to a distributor's deposition; and (5) requiring the Parties to submit to the Court a written monthly report on the status of discovery and a statement as to whether a phone conference with the Court is needed to discuss any outstanding and/or ongoing discovery issues.

The reason Defendants file this motion is straightforward: the Opt-In Plaintiffs have not been participating in good faith in the discovery process—if they have participated at all— and seem to be unaware of their discovery-related obligations in this case. This is prejudicing Defendants' ability to establish its defenses to the claims in this matter within the current discovery deadline (which has already been extended once given the difficulties faced in scheduling depositions). For example, and as discussed more fully below, Opt-In Plaintiffs as a whole have not produced their discovery responses, including responsive documents – if they produce them at all – in a timely manner.

Several Opt-In Plaintiffs have either cancelled their depositions with no explanation with less than 48 hours prior to deposition, or have simply no-showed at their depositions without any prior notice after Defense counsel had incurred the time and expense of travelling to the deposition site and booking the Court reporter. Several Opt-In Plaintiffs have testified in their depositions that they never received litigation hold notices from their attorneys and were unaware of their obligations not to destroy potentially relevant documents. Opt-In Plaintiffs have testified in their depositions that they have not provided their attorneys with all of the documents in their possession responsive to Defendants' Requests for Production, and seemed to be confused as to what types of documents in their possession they should be providing to their attorneys. When questioned in

their depositions about specific interrogatory responses, several Opt-In Plaintiffs have testified that the information contained in interrogatory responses was not accurate and/or that they never were either given a copy of or reviewed their interrogatory responses or asked the questions contained in the interrogatories themselves prior to their responses being served on Defendants.

In short, it does not appear that the distributors are taking their obligations in this case as Opt-In Plaintiffs seriously, and their lack of attention to their discovery-related obligations is prejudicial to Defendants' ability to properly pursue its defenses. Indeed, this conduct on the part of the Opt-In Plaintiffs has made it virtually impossible for Defendants to conduct discovery in a timely, efficient, and cost-effective manner. This cannot continue, and it appears that the Opt-In Plaintiffs need to be reminding of their discovery obligations in this case through a formal notice approved by the Court. Though Defendants have communicated these deficiencies in writing to counsel for Plaintiffs, and orally both on the phone and during depositions, these deficiencies remain ongoing and unresolved.[1] For these reasons, as discussed more fully below, Defendants respectfully request that the Court more closely supervise discovery in this case and grant the relief requested herein, in addition to any other relief that the Court deems appropriate.

## I.     **Relevant Procedural Posture**

Plaintiff Daniel Martins filed his Complaint and Demand for Jury Trial on November 9, 2016. (Dkt. 1). Mr. Martins and the approximately 300 individual Plaintiffs who have chosen to opt in to this case are current and former independent distributors who contracted with one of five subsidiaries of Defendant Flowers Food, Inc. ("Flowers Foods"). (*Id.*). They allege they were

---

[1] Aside from the overall supervision sought in this motion in an effort to minimize discovery disputes, Defendants reserve the right to follow up separately as to particular deficiencies in discovery responses received from individual opt-in plaintiffs and thereafter file motions to compel as necessary.

misclassified as independent contractors and are entitled to overtime compensation under the Fair Labor Standards Act. (*Id.*). Defendants filed their Answer and Affirmative and Other Defenses to Complaint and Demand for Jury Trial on December 22, 2016. (Dkt. 20). Pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c), the Parties filed their Case Management Report on March 6, 2017. (Dkt. 47). On March 28, 2018, the Court granted Plaintiffs' Motion for Conditional Certification (Dkt. 135), and approved notice to potential opt-ins on October 22, 2018. (Dkt. 150).

On or about February 19, 2019, after closure of the opt-in period, the Parties filed a Joint Amended Case Management Report (Dkt. 161). Pursuant to the Court's April 9, 2019 Case Management and Scheduling Order (Dkt. 162), the discovery deadline was initially set to close on August 1, 2019. Additionally, the parties agreed that Defendants could depose the named Plaintiffs and 20% of the Opt-In Plaintiffs, and would be allowed up to seven hours on the record for each named Plaintiff and up to three hours on the record for each opt-in deposition. (*Id.*).

On May 23, 2019, Defendants propounded their first set of discovery requests on all of the Plaintiffs, including the Opt-In Plaintiffs. (September 26, 2019 Declaration of C. Garner Sanford, Jr. ("Sanford Dec."), ¶3) (Exhibit B). Plaintiffs' initial deadline to respond to Defendants' discovery requests was at the latest June 25, 2019. Recognizing that it would be time consuming for Plaintiffs' counsel to coordinate the preparation and service of 300 sets of discovery responses, Defendants agreed that Plaintiffs could respond to the discovery requests on a rolling basis, prioritizing those Opt-In Plaintiffs set to appear for depositions. (Sanford Dec., ¶4). Defendants proposed that Plaintiffs could produce a particular Opt-In Plaintiff's written discovery responses and responsive documents (which Defendants agreed could be limited to the tax returns, documents related to third-party sales, and interrogatory responses pre deposition) at least seven

-4-

days prior that distributor's deposition. (Sanford Dec., ¶5). In exchange, Defendants agreed to produce the distributor files for the distributors being deposed seven days in advance of the deposition, even if the response time had not yet passed. (Sanford Dec., ¶6).

Beginning in early June, 2019, Defendants began the process of working with Plaintiffs' counsel to schedule depositions for Defendants' selected Opt-In Plaintiffs, including identifying 45 of the 60 Opt-In Plaintiffs Defendants planned to depose. (Sanford Dec., ¶7). Since that time, Defendants have been working diligently to schedule distributor depositions and have been met with non-responsiveness, slow responses, or messages that opposing counsel was not available for several weeks during the discovery period for any depositions. Additionally, on July 29, 2019, the Parties jointly moved to extend the discovery period 90 days, up to and including November 1, 2019. (Dkt. 185). The Court granted the Parties' joint motion, and on July 31, 2019, issued an Order extending the close of discovery to November 1, 2019. (Dkt. 186).

**II.     Plaintiffs Have Continually Failed To Meet Their Discovery Obligations**

    **A.     Defendants have not received written discovery responses from more than 280 of the 299 Opt-In Plaintiffs despite the fact those responses were originally due at the latest June 25, 2019.**

First and foremost, Defendants are not receiving written discovery responses from the Opt-In Plaintiffs in a timely manner and Opt-In Plaintiffs are not complying with their obligations under the Federal Rules of Civil Procedure and local practice as described in the Middle District of Florida Civil Discovery Handbook. As is discussed in the Handbook: "The Federal Rules of Civil Procedure set forth explicit time limits for responding to discovery requests. If unable to answer timely, an attorney should first seek an informal extension of time from counsel propounding the discovery. Counsel in this district typically accommodate reasonable requests for

additional time. If unable to informally resolve the matter, counsel should move for an extension of time to respond." M.D. Fla. Civil Discovery Handbook ¶ I.E.1.  As is also discussed in the Handbook, Opt-In Plaintiffs' counsel are obligated to "promptly" contact their clients upon receiving requests for production and develop a plan to respond to the requests in a "timely and reasonable manner." *Id*. ¶ III.A.4.  Opt-In Plaintiffs have missed deadlines by months, failed to request extensions to particular dates, and failed to respond to Defendants' inquiries regarding the same.

Defendants served interrogatories and requests for production of documents on all Opt-In Plaintiffs on May 23, 2019.  (Sanford Dec., ¶3).  Responses to those written discovery requests were due 30 days thereafter, at the latest June 25, 2019.  On June 24, 2019, Kendrick Nobles, a paralegal for counsel for Plaintiffs, requested an unspecified extension of time in which to submit the Opt-In Plaintiffs' discovery responses.  (Sanford Dec., ¶9).  In response, Defendants requested how much additional time Opt-in Plaintiffs needed and never received a response.  Defendants did agree that counsel for Plaintiffs could produce the written responses and responsive documents on a rolling basis, with a priority on discovery responses for the Opt-In Plaintiffs whose depositions had been scheduled.  (Sanford Dec., ¶10).  However, Defendants never agreed to a blanket extension to a date certain for the simple reason that Plaintiffs' counsel has never been able to provide a proposed deadline for when all the discovery responses and documents will be served.  (Sanford Dec., ¶11).  Indeed, as of this filing, Defendants have not received discovery responses from over 277 of the Opt-in Plaintiffs, including all of the following Opt-In Plaintiffs, and have not received any indication from Plaintiffs' counsel as to when such discovery responses would be forthcoming:

-6-

| | | |
|---|---|---|
| Abrams, John Fitzgerald | Christy, Robert Franklin | Franklin, Cameron D. |
| Alexander, Kamian | Clark, Michael Larry | Freeman, Andre |
| Arce, Peter Nelson | Conti, Joseph | Garcia, Eddie |
| Armour, Jr., Fred Lee | Corbin, David Michael | Garza, Jaime |
| Austin, Jr., Ronald | Cordes, William J. | Gause, William Shawn |
| Austin, Kevin | Corley, Jeffery Carol | Geren, David Leonard |
| Aviles, Jaime Enrique | Cox, Tanya Nevels | Gifford, Benjamin David |
| Bacigalupi, William Paul | Crider, Ronald | Gonzalez, Anthony Donald |
| Bacon, Malone | Cruz, George Coelho | Gooboltd, Ramone M. |
| Bailey, Gregory Scott | Cumming, Phillip Xzavier | Gooch, Greg G. |
| Bailey, III, Arthur L. | Cunningham, Brian Scott | Gourd, Steven |
| Baker, Johnny B. | Danel, Jean Alphonse | Greene, Jarrod Michael |
| Baker, Thomas Dean | Daniels, Terry Ray | Greer, Matthew |
| Baptiste, Jason John | Davis, Billy Joe | Griffin, David Scott |
| Barajas, Daniel | de La Paz, Christopher | Grimes, Jeremy Edward |
| Barajas, Oscar J. | DeFriece, James Cody | Hadley, Terrance Leon |
| Barge, Curtis Baxter | Delgado, Leonardo | Hamilton, Anthony E. |
| Barnett, William | Dembo, Steven Daniel | Hammers, Joseph Steven |
| Barnette, Randy | DeSimone, Peter | Hance, Chris |
| Barrett, Jr., William Elijah | Dethlefs, Michael S. | Hannum, Brett |
| Barrios, Luis | Dinsmore, Michael D. | Harper, Walter Clay |
| Barrios, Roberto | Dominguez, Jailer | Harris, Damarte R. |
| Bass, Sr., Ernest Toy | Driggers, Timothy Allen | Harris, Sylvester Angelo |
| Baumgardner, Christopher | Driskel, James | Harrison, Jason Raymond |
| Beery, Kenneth Lee | Drummond, Glenford | Hatchitt, Curt Alan |
| Bickford, Steve Alan | Dupriest, David C. | Heaton, Daniel M. |
| Blanco, Cesar | Dutton, John Eric | Hendricks, Kevin Jeffrey |
| Bolt, Anthony | Edmerson, Jeffral | Henriquez, Erison F. |
| Bonner, Anthony | Edwards, Lawrence | Hernandez, Jose Daniel |
| Brown, David S. | Ellington, Joseph | Holliday, Glenn Franklin |
| Brown, Devin | Ellison, Marty Ferrell | Hollis, Timmy Lucas |
| Brown, Jr., Scottie | Ertle, Christopher A. | Houston, Bernard Jerome |
| Brown, Rodney Garfield | Eslinger, Timothy Michael | Howard, Danny Edward |
| Burns, Charlie | Farr, Jr., James Harold | Howard, James Jason |
| Burpeau, Michael F. | Felipe, Oscar Sr. | Hunt, Bruce Robert |
| Burt, Mark Edward | Felix, James Robert | Hunt, III, Jerry Wayne |
| Cardenas-Henao, Jorge | Ferguson, Samuel | Hyde, Jason Scott |
| Carey, Christopher | Fields, Richard | Jackson, Damien Marcus |
| Cash, Curtis Alan | Figgins, Morris Dwayne | Jackson, Jr., Jimmy Wayne |
| Castro, Raphael | Filipiak, Luke Anthony | Jackson, Trance |
| Cavasina, Michael | Fitzpatrick, Michael | Jernigan, Brian Oneal |
| Cernobyl, Lamar (Mike) | Fluellen, Benjamin | Johnson, John Robert |
| Chavez, Roberto Ernesto | Foster, III, James Allen | Johnson, Loren L. |
| Choy, Santiago | Fowler, Johnny | Jurczak, Dan |

| | | |
|---|---|---|
| Kaiser, Alan J. | Nealy, Darrin L. | Sanders, Christian |
| Kaple, Neal | Nelson, Joseph | Schweitzer, Eric M. |
| Katinas, Craig | New, Anthony | Seabolt, Anthony |
| Kay, Shawn | Niccum, Jeremy Jack | Seabolt, Ryan |
| Kelley, Jeffrey Robert | Nicholas, Ryan Paul | Searles, Jr., Roosevelt |
| Kinslow, Jr., Edward L. | Nicolini, James M. | Shiller, Jeffrey W. |
| Kolubah, Zeleh | Owen, Cory Glynn | Shrouder, James |
| Kornegay, Randall Lamar | Owens, II, Edward | Shultis, Randolph Reed |
| Kosman, Keith Francis | Owens, James Melvin | Siegel, Joshua |
| Kowatch, Khristopher A. | Owens, Roger | Sieracki, Neil |
| Lambeth, Jonathan | Padgett, Derrek | Simeon, Windell |
| Laureano, Rafael | Pape, William Jeffrey | Simmons, Lamar Young |
| Leonard, Charles Junior | Paris, Gregory Scott | Simone, Peter |
| Lomash, Michael | Patrick, Kaleb | Singer, David |
| Long, Michael William | Patterson, Kyle Eugene | Singh, Daniel |
| Lovell, Michael James | Peacock, Adam Richard | Slingluff, Rickey |
| Loving, Lawrence Jay | Pearson, Ramel | Smith, Jr., Douglas Lorenzo |
| Lucas, Damiyan | Pepin, David | |
| Lusher, III, James W. | Perry, Russell Allen | Smith, Justin Wayne |
| Mallard, Gerald Henry | Peters, David Paul | Smith, Larry J. |
| Maltes, Walter Eduardo | Pollock, Jr., Dennis Doyle | Smith, Richard C. |
| Martin, Brian Kevin | Ponder, Gregory Shun'tay | Sokols, Lewis D. |
| Martin, Keith Demond | Pratt, Cyrus L. | Stack, Carrie Lee |
| Martins, Daniel | Pruett, Joshua B. | Stojancevic, Slaven |
| Martins, David | Qualls, Don Keith | Swagger, George N. |
| McConnell, Robert E. | Quick, Mark E. | Swiney, Davion |
| McCormick, II, Max | Quick, Matthew | Taksey, Paul David |
| McElhenney, Terrell A. | Ray, Jeffrey T. | Taylor, Jr., Ray |
| McElrea, Jason Wayne | Ray, Joseph C. | Terry, Thomas David |
| McGee, Ronald Joseph | Reid, Rosalula | Thibodeaux, Jr., Harry Lee |
| McGrath, James J. | Rhoden, Brandon Cody | Thompson, Daryl |
| McLaughlin, Jordan Blane | Rich, Jeremy | Thornton, Jr., Ronnie |
| McMullan, William | Richardson, Alvin T. | Tipton, Andrew Nathan |
| Middleton, Eric Andrew | Richardson, Daniel Craig | Tookes, Bruce |
| Milam, Ricky Carol | Rivera, Justin | Tosado, Rafael J. Bonet |
| Mimna, Jr. Robert E. | Roberts, Jonathan W. | Trent, Jeffrey Lee |
| Mimna, Sr. Robert E. | Rodgers, Gilbert J. | Trimmer, Laine Paul |
| Minot, Scott | Romero, Jr., David | Tyminski, Jr., Joseph John |
| Monzon, Michet | Rooks, Jeffrey Alan | Valle, Jose R. |
| Moody, Michael A. | Rudd, Michael G. | Veasley, Reco |
| Moon, Prometheus | Ryan, III, Peter | Veguilla, Samuel |
| Moore, Randen S. | Saikley, Jon | Waddell, Calvin Lenear |
| Morgan, Sidney | Salyer, Jr., Webster | Walker, Edward Mitchell |
| Morrell, Phillip | Sancho, Freddie | Weaver, Charlie Vershon |

| | | |
|---|---|---|
| Weaver, Tony | Wigle, John | Wolfrom, Louanne |
| Weisenbach, David L. | Wilkerson, Freddie | Wolfrom, Richard E. |
| Westerfield, David | Williams, Dudley Coleman | Wordlaw, Rudolph |
| White, Jeffrey Allen | Williams, Eric A. | Wright, James Paul |
| White, Jr., Charles R. | Williams, Jamie Toure | |
| Whitlock, Cartier James | Witcher, Nathan W. | |

Defendants have also served follow-up deficiency emails and letters to no avail. Defendants appreciate that the time and resources necessary to respond to written discovery on behalf of Plaintiffs is not insubstantial. However, three full months have now passed since the initial response deadline, and only approximately 21 sets of discovery responses have been received (with many of those responses being incomplete, or produced the day before or morning of the deposition with little to no time to review them beforehand). (Sanford Dec., ¶14).[2] Defendants relayed their specific concerns regarding the missing discovery responses in a letter to Counsel for the Opt-In Plaintiffs on August 9, 2019. (Sanford Dec., ¶15). To date, Plaintiffs have not responded to Defendants' August 9, 2019 letter. (Sanford Dec., ¶16). With discovery currently set to close on November 1, 2019, the Opt-In Plaintiffs cannot continue to proceed as if there is no deadline by which their written responses and documents production are due. For these reasons, Defendants respectfully request that the Court order Plaintiff to produce all outstanding written discovery responses and all responsive documents in their possession by October 15, 2019.

---

[2] Opt-In Plaintiffs have waived any objections to the requests. *See* M.D. Fla. Civil Discovery Handbook ¶¶ III.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel."), IV.B.1 ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel."); *see also Third Party Verification, Inc. v. SiqnatureLink, Inc.,* No. 6:06-CV-415, 2007 WL 1288361, at *2 (M.D. Fla. May 2, 2007) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product.").

B.  **Last Minute Deposition Cancellations and No-Shows**

As of the date of this filing, Defendants have noticed, after first confirming the times and dates with opposing counsel, approximately 25 depositions.  (Sanford Dec., ¶17).[3]  A significant number of distributors, however, have either cancelled their depositions last minute or, in several cases, simply not showed up at all.  (Sanford Dec., ¶18).   Indeed, although the date and time of every single one of these 25 depositions was communicated with counsel for Plaintiffs prior to the notices being sent out, only 16 of the depositions actually went forward.  (Sanford Dec., ¶19).  As the following chart illustrates, seven of the noticed depositions – more than a quarter – were cancelled less than 48 hours prior to deposition, with three cancelled the day of the deposition when the distributor simply failed to appear without any prior notice.

| Opt-In | Deposition Notice Sent (after confirmation with counsel for Plaintiffs) | Deposition Date | Deposition Cancellation Notes |
|---|---|---|---|
| Cory Glynn Owen | 7/12/2019 | 7/23/2019 | Informed by counsel for Plaintiffs less than 24 hours before scheduled deposition that Mr. Owen intended to withdraw from the case. |
| Keith Demond Martin | 8/1/2019 | 8/7/2019 | Informed by counsel for Plaintiffs less than 48 hours before scheduled deposition that Mr. Martin was "not responsive" and they do not anticipate him appearing for his deposition. |
| Curtis Baxter Barge | 7/12/2019 | 7/23/2019 | Informed by counsel for Plaintiffs less than 24 hours before scheduled deposition that Mr. Barge was "non- |

---

[3] Notably, Defendants noticed several additional depositions for Opt-In Plaintiffs prior to receiving confirmation from opposing counsel that the Opt-In Plaintiffs were available on that date *at the request of Plaintiffs' Counsel*.  In short, Plaintiffs' Counsels stated that they needed actual deposition notices to send to several Opt-In Plaintiffs before those Opt-In Plaintiffs would communicate with Plaintiffs' Counsel regarding potential deposition dates.  Of course, a majority of those noticed depositions were postponed or rescheduled from the date indicated on the original deposition notice.

| | | | |
|---|---|---|---|
| | | | responsive." Mr. Barge did not show up for his deposition. |
| Jon Saikley | 7/12/2019 | 7/31/2019 | Informed by counsel for Plaintiffs less than 24 hours before scheduled deposition that deposition would not go forward and would have to be postponed for at least two weeks. |
| Jose Valle | 7/12/2019 | 7/31/2019 | Informed by counsel for Plaintiffs less than 24 hours before scheduled deposition that deposition would not go forward and needed to be rescheduled. |
| Freddie Sancho | 7/12/2019 | 7/24/2019 | Mr. Sancho failed to appear for his deposition without any prior notice to counsel for Defendants. |
| Jeffrey White | 8/29/2019 | 9/18/2019 | On September 16, 2019, opposing counsel's office notified us by email that they were "unable to re-confirm Jeffrey White for his deposition scheduled for 9/18/19". Mr. White failed to appear for his deposition. |

To be sure, Defendants recognize that, from time to time, unforeseen emergencies require depositions to be cancelled last minute. However, given the sheer volume of depositions that needed to be taken in this case at various locations throughout the states of Georgia and Florida, and the fact that due to their distributorship responsibilities, current distributors are typically only available to be deposed on Wednesdays, Defendants' counsel typically has to make travel arrangements for several attorneys to handle the multiple distributor depositions scheduled for any particular day. Last minute cancellations and no-shows impose an unnecessary cost burden on Defendants that they should not be required to bear, to say nothing of the time actually spent by attorneys preparing for depositions for distributors who do not actually appear for their depositions when originally scheduled. Just as critically, last minute cancellations and no shows require the

-11-

parties to go back to the drawing board to find mutually-agreeable dates, making it difficult to complete discovery within the discovery period. For these reasons, with the exception of unforeseen emergencies, the cost of these cancellations and no-shows should be borne by Plaintiffs.

**C.    Opt-In Plaintiffs are not providing responsive documents in their possession in enough time to give Defendants time to review those documents prior to depositions.**

As noted above, in an effort to facilitate early depositions the Defendants proposed that documents produced prior to such early depositions would need to include the distributor's tax returns (including all schedules) for 2013-2018, all documents related to any third-party sales, and completed interrogatory responses. (Sanford Dec., ¶21). Defendants further proposed that, at a minimum, for each Opt-In Plaintiff to be deposed, Defendant would produce the respective subsidiary's' distributor files at least seven days prior to a particular distributor's deposition. (Sanford Dec., ¶22). Defendants have produced the distributor files as agreed. (Sanford Dec., ¶23). Plaintiffs, however, are neither producing complete discovery responses or producing responsive docs in sufficient times prior to depositions to permit Defendants to adequately prepare for those depositions. (Sanford Dec., ¶23). Plaintiffs also have not proposed any alternative production plan or schedule that Defendants can rely on in preparing for depositions in this matter. (Sanford Dec., ¶23). The following chart illustrates a few examples of incomplete (or non-existent) discovery responses received well inside the seven day window prior to a scheduled distributor deposition, as well as two instances where no documents have been produced at all.

| Opt-In | Deposition Date | Documents Received | Discovery Responses Received |
|---|---|---|---|
| John Wynn | 7/24/2019 | 300 pages of documents received on 7/23/2019, approximately 24 hours before the deposition. | Written discovery responses have never been received. |
| Dean Shrouder | 7/31/2019 | No documents produced. | Interrogatory responses received on 7/30/2019, the day before deposition; no document production responses received. |
| William Barter | 8/14/2019 | 121 pages of documents received on 8/13/2019 at 1:32 p.m., less than 24 hours prior to scheduled deposition. | Written discovery responses received on 8/13/2019 at 1:32 p.m., less than 24 hours prior to scheduled deposition. |
| David Forster | 7/25/2019 | 52 pages of documents received on 7/23/2019. | Interrogatory responses received on 7/22/2019; no document production responses received. |
| Richard Fuller | 7/22/2019 | No tax returns produced. | Interrogatory responses received on 7/16/2019; no document production responses received. |
| Christopher Butler | 7/31/2019 | 138 pages of documents received on 7/29/2019. | No interrogatory responses received; document production responses received on 7/29/2019 |
| Salahaldin Abdallah-AlJaber | 7/24/2019 | 353 pages of documents received on 7/24/2019, just a couple of hours before the deposition. | Interrogatory responses received on 7/23/2019; document production responses received on 7/24/2019, just a couple of hours before the deposition. |
| Ginelle Anestal | 8/14/2019 | 145 pages of documents received on 8/12/2019. | Interrogatory responses received on 8/13/2019; written document production responses never received. |
| Ricky Woods | 8/7/2019 | 512 pages of documents received on 8/6/2019 at 5:30 p.m., less than 24 hours prior to deposition | Interrogatory responses and written document production responses received on 8/6/2019. |

| Opt-In | Deposition Date | Documents Received | Discovery Responses Received |
|---|---|---|---|
| Kyle Patterson | 7/25/2019 | No documents produced. | No interrogatory responses produced. |

In addition to the foregoing, it is apparent following the deposition of several distributors that the documents productions provided to Defendants prior to depositions are not complete. For example, one Opt-In Plaintiff testified in his deposition that he participated in a third-party sale of his distributorship that netted him a $200,000 profit. (Sanford Dec., ¶26). However, he did not produce any documents in the days leading up to his deposition relating to this transaction other than one document referencing that he sold it to another individual. (Sanford Dec., ¶26). Once the deposition started, he produced a stack of documents referencing and/or memorializing the terms of the sale, including specific sales documentation, financing arrangements and promissory notes since this distributor financed part of the sale for the buyer, and other detailed documents. There was no way Defense Counsel could adequately review and question the distributor as to the contents of those documents. (Sanford Dec., ¶26). When Defense counsel asked Plaintiffs' counsel if they could keep the deposition open to ask any follow-up questions regarding these late-produced documents, Plaintiffs' counsel said "no" because they had not reportedly received the documents until the same time. This is no excuse. *See* M.D. Fla. Civil Discovery Handbook ¶ II.C.2 ("If requested documents that are discoverable are not timely produced prior to the deposition, the party noticing the deposition may either adjourn the deposition until after such documents are produced or, without waiving the right to have access to the documents and to subsequently examine the deponent regarding the documents, proceed with the deposition."); *see*

*also id.* at ¶ III.A.4 (discussing the obligation of parties to execute a plan to produce documents in a "timely an reasonable manner").

Additionally, several of the document productions received from distributors prior to their depositions did not contain any tax returns, or contained incomplete tax records. (Sanford Dec., ¶27). Several distributors in their depositions made reference to documents that they "produced to their attorneys" but which were never produced to Defendants. (Sanford Dec., ¶28). Finally, several deponents have testified that they never received litigation hold notices from their attorneys, suggesting that, at best, they are unsure of their obligations in discovery as it relates to the preservation of documents. (Sanford Dec., ¶ 29).

Again, Defendants anticipate taking the depositions of more than 40 additional Opt-In Plaintiffs. Taking those depositions requires extensive coordination and planning, both internally and with opposing counsel. If an Opt-In Plaintiff does not produce all responsive documents in his/her possession in a reasonable amount of time prior to the deposition, Defendants have the Hobson's choice of either cancelling the deposition and attempting to reschedule (a task that has proven near impossible as is), continuing the deposition but keeping it open to potentially resume at a later time pending a review of the late produced documents, or completing the deposition knowing that they do not have all the responsive documents in their possession or appropriate time to review them before the deposition. Regardless of the path Defendants choose, their ability to adequately explore all aspects of Plaintiffs' claims is substantially and negatively impacted.

### D. Opt-Ins Plaintiff deposition testimony suggests that Plaintiffs' interrogatory responses are inaccurate and/or incomplete.

In addition to the foregoing, deposition testimony obtained from multiple distributors is troubling as it relates to the interrogatory responses received from several of the Opt-In Plaintiffs.

-15-

For example, one Opt-In Plaintiff testified in his deposition that his counsel never asked him how many hours a week he worked. (Sanford Dec., ¶30). Nevertheless, in his responses to written interrogatory responses, he was credited for working 60 hours a week – including during an 11-month time period when he was a complete absentee distributor and not even running his territory (admitting he only spent about 4-5 hours a week during that time on distributor-related business), and also for a three-month period *after he has actually sold his distributorship*. (Sanford Dec., ¶30). (He sold his distributorship in September 2018, yet his interrogatory responses credited him for overtime through Dec. 31, 2018). Another Opt-In Plaintiff testified in his deposition that, despite signing a verification under oath, his interrogatory responses were true and accurate, he had never seen the interrogatory responses before and had never reviewed them prior to them being served on Defendants. (Sanford Dec., ¶31).

Defendants are only permitted three hours on the record when taking the deposition testimony of each Opt-In Plaintiff. There simply is not enough time to review every interrogatory response from each distributor during the deposition as that process could take up the bulk of Defendants' time on the record with each distributor. Further, per the parties' agreement, Defendants can only take 20% of the Opt-In Plaintiffs' depositions. So, for the 80% who will not be deposed, Defendants must be able to rely on the accuracy of their interrogatory responses. Defendants believe several of the interrogatory responses may contain inaccurate information, responses that were never verified with the Opt-In Plaintiffs directly, or information that is inherently unreliable. Consequently, Defendants either need more time in each deposition on the record, have the ability to depose every single Opt-In Plaintiff to verify the accuracy of their

discovery responses, or some other assurances that *all* Opt-In Plaintiffs are reviewing their interrogatory responses for completeness and accuracy prior to their service on Defendants.

## III. Conclusion

For all the foregoing reasons, Defendants respectfully request that the Court more closely supervise discovery in this case, including, in addition to any other items the Court deems appropriate: (1) ordering counsel for the Opt-In Plaintiffs to transmit to the Opt-In Plaintiffs the proposed Notice attached hereto as Exhibit A; (2) ordering the Opt-In Plaintiffs to produce all outstanding written discovery responses and responsive documents by September 30, 2019; (3) ordering that going forward, absent an unforeseen emergency, Plaintiffs will be responsible for the costs incurred by Defendants associated with the cancellation of any distributor deposition with less than two business days' notice to Defendants; (4) ordering that going forward, Plaintiffs will be responsible for any additional costs incurred by Defendants associated with continuing an already commenced deposition at a later date if a distributor testifies in his/her deposition that he/she has not produced at least three business days prior to his or her deposition all responsive documents in his/her possession, or if it otherwise becomes apparent either during or after a distributor's deposition that there are responsive documents that were not produced at least three business days prior to a distributor's deposition; and (5) requiring the Parties to submit to the Court a written monthly report on the status of discovery and a statement as to whether a phone conference with the court is needed to discuss any outstanding and/or ongoing discovery issues.

Dated this 26th day of September, 2019.

Respectfully submitted,

*/s/    C. Garner Sanford, Jr.*
C. Garner Sanford, Jr.
*Pro Hac Vice*
Margaret Santen Hanrahan (GA Bar No. 578314)
Kevin P. Hishta (GA Bar No. 357410) (*pro hac vice*)
Michael Oliver Eckard (GA Bar No. 238550) (*pro hac vice*)
Erika L. Leonard (GA Bar No. 565965) (*pro hac vice*)
C. Garner Sanford, Jr. (GA Bar No. 005020) (*pro hac vice*)
Nathan J. Allen (GA Bar No. 141304) (*pro hac vice*)
Michael D. Ray (NC Bar No. 52947)(*pro hac vice*)
OGLETREE DEAKINS NASH SMOAK
   & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30303
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
maggie.hanrahan@ogletreedeakins.com
kevin.hishta@ogletreedeakins.com
erika.leonard@ogletreedeakins.com
michael.eckard@ogletreedeakins.com
garner.sanford@ogletreedeakins.com
nathan.allen@ogletreedeakins.com
michael.ray@ogletreedeakins.com

Kevin Douglas Zwetsch
Florida Bar No.:  0962260
Dee Anna D. Hays
Florida Bar No.:  0064790
OGLETREE DEAKINS NASH SMOAK
   & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:  (813) 289-1247
Facsimile:  (813) 289-6530

-19-

kevin.zwetsch@ogletreedeakins.com
deeanna.hays@ogletreedeakins.com

*Counsel for Defendants*

## CERTIFICATE OF CONFERRAL

Defendants' counsel conferred with Plaintiffs' counsel regarding the relief sought in this motion and Plaintiffs' counsel has not consented to the relief requested herein.

Dated: September 25, 2019                              Respectfully submitted,

                                                       */s/ C. Garner Sanford, Jr.*
                                                       C. Garner Sanford, Jr.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of September, 2019, I electronically filed the foregoing **Motion for Court-Supervised Discovery** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiffs' counsel, Andrew R. Frisch at afrisch@forthepeople.com, Chanelle J. Ventura at Cventura@forthepeople.com, and Adeash "AJ" Lakray at alakraj@forthepeople.com, including all secondary electronic mail addresses on file with the Clerk.

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

                                                       */s/ C. Garner Sanford, Jr.*
                                                       C. Garner Sanford, Jr.