UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL MARTINS, individually and on
behalf of others similarly situated,

    Plaintiff,

vs.                                                                   CASE NO.: 8:16-cv-03145-MSS-JSS

FLOWERS FOODS, INC., FLOWERS
BAKING CO. OF BRADENTON, LLC,
FLOWERS BAKING CO. OF VILLA
RICA, LLC, FLOWERS BAKING CO. OF
MIAMI, LLC, FLOWERS BAKING CO.
OF JACKSONVILLE, LLC, and FLOWERS
BAKING CO. OF THOMASVILLE, LLC,

    Defendants.
_____

**DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS OR, IN THE ALTERNATIVE, (1) COMPEL INDIVIDUAL ARBITRATIONS OR (2) COMPEL INDIVIDUAL ACTIONS**

The Court's Order of March 12, 2020 (Doc. 235) declined to compel arbitration as to the opt-in Plaintiffs who signed arbitration agreements with the respective subsidiary Defendant on grounds that they were "transportation workers" exempt from the Federal Arbitration Act ("FAA"). On appeal, the United States Court of Appeals for the Eleventh Circuit vacated the above order and remanded it for reconsideration of the transportation worker issue in view of the decision of Eleventh Circuit in *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337 (11th Cir. 2021). After remand, this

1

Court ordered the parties to submit supplemental briefing as to the impact of the *Hamrick* decision, and Defendants submitted a supplemental brief on October 14, 2021 (Doc. 361), and submitted a response to Plaintiffs' Supplemental Brief on November 12, 2021 (Doc. 365).

While the above-referenced remand is pending for reconsideration, the United States Court of Appeals for the Second Circuit issued a decision in *Neil Bissonnette, et al. v. Flowers Foods, Inc., et al.*, Case No. 20-1681-cv (2d Cir., decided May 5, 2022) ("*Bissonnette* I"), which Defendants previously submitted to this Court. (Doc. 366). The *Bissonnette* case, like this action, involves claims by independent distributors that they are misclassified as independent contractors. Following the decision in *Bissonnette* I, the Supreme Court of the United States issued a decision in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), which Plaintiffs submitted to this Court. (Doc. 368).

Following the *Saxon* decision, the United States Court of Appeals for the Second Circuit withdrew the May 5, 2022 decision and re-issued a decision in *Neil Bissonnette, et al. v. Flowers Foods, Inc., et al.*, Case No. 20-1681-cv (2d Cir., decided September 26, 2022) ("*Bissonnette* II"), a copy of this decision is attached as Exhibit 1. *Bissonnette* II took into account the recent *Saxon* decision and again affirmed that plaintiffs are not transportation workers and are not exempt under the FAA.

Throughout Defendants' briefing in support of Second Motion to Dismiss or, in the Alternative, (1) Compel Arbitration or (2) Compel Individual Actions as to the Plaintiffs subject to arbitration agreements. (Doc. 168), Defendants have maintained

that Plaintiffs are not transportation workers exempt under Section One of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. As Defendants have demonstrated, the exemption does not apply to Plaintiffs because (1) they are not employed in the transportation industry and (2) they are not actually engaged in foreign or *inter*state commerce based on both their overwhelmingly *intra*state activities and on their status as business owners who are generally responsible for all aspects of their distribution businesses. (*See, e.g.*, Doc. 168, at p. 18-20; Doc. 179, at p. 5-6; Doc. 361, at p. 6-14).[1]

In *Bissonnette* II, even after considering the decision in *Saxon*, the Second Circuit came to the same conclusion, finding that "those who work in the bakery industry are not transportation workers, even those who drive a truck from which they sell and deliver the breads and cakes." (Exhibit 1, p. 17). The Court further made the distinction that the plaintiffs' "commerce is in breads, buns, rolls, and snack cakes—not transportation services" and that the Distributor Agreement recognizes the industry as the "baking industry." (Exhibit 1, pp. 17-18). Ultimately, even considering *Saxon*, the Court found plaintiffs are not engaged in the transportation industry, and thus, not exempted from the FAA.

---

[1] In *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337 (11th Cir. 2021), the Eleventh Circuit reiterated that *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286 (11th Cir. 2005), and *Paladino v. Avent Computer Tech., Inc.* 134 F. 3d 1054 (11th Cir. 1998), establish a two-part framework used to evaluate the application of the exemption under Section One. *Hamrick*, 1 F. 4th at 1337. That is, "the FAA's transportation-worker exemption applies only if the worker belongs to a class of workers in the transportation industry and the class of workers actually engages in foreign or interstate commerce." (Doc. 352, "Order on Remand," at p. 1 (quoting *Hamrick*, 1 F. 4th at 1337)).

3

Further, *Bissonnette* II is not the only decision to affirm this following. In the District of South Carolina, the Court in *Charles O'Bryant, et al. v. Flowers Foods, Inc., et al.*, Case No. 2:21-cv-03501-BHH (D.S.C. Sept. 21, 2022), affirmed that plaintiff was not exempt under the FAA based upon similar reasoning. A copy of the *O'Bryant* decision is attached as Exhibit 2. The Court in *O'Bryant* analyzed the issue under Georgia and Eleventh Circuit law (in addition to South Carolina and Fourth Circuit law) in holding that the arbitration agreement was enforceable and that plaintiff was not a transportation worker. The Court in *O'Bryant* specifically noted that the plaintiff did not work in the "transportation industry" because "Defendants are bakeries, not carriers such as a railroad, a maritime shipping company, or a trucking company." (Exhibit 2, p. 15). The Court further held that plaintiff was not "engaged in foreign or interstate commerce." (Exhibit 2, p. 17). Based upon these factors, the Court in *O'Bryant* found that plaintiff was not a transportation worker and not exempt under the FAA.

Although Plaintiffs previously submitted *Saxon* in an effort to buoy their sinking position, these new cases further confirm that Plaintiffs are not exempt under Section One.

Accordingly, Defendants submit this recent Second Circuit Opinion and recent District of South Carolina opinion as supplemental authorities in support of Defendants' Second Motion to Dismiss or, in the Alternative, (1) Compel Individual Arbitrations or (2) Compel Individual Actions (Doc. 168) within the scope of the remand from the Eleventh Circuit.

Dated this 19th day of October, 2022.

>Respectfully submitted,
>
>*/s/ C. Garner Sanford, Jr.*
>C. Garner Sanford, Jr. (GA Bar No. 005020)
>(*Pro Hac Vice*)
>OGLETREE DEAKINS NASH SMOAK
> & STEWART, P.C.
>191 Peachtree Street, NE, Suite 4800
>Atlanta, Georgia 30303
>Telephone: (404) 881-1300
>Facsimile: (404) 870-1732
>garner.sanford@ogletreedeakins.com
>
>Christopher M. Cascino
>Florida Bar No. 1022861
>Dee Anna D. Hays (FL Bar No. 0064790)
>OGLETREE DEAKINS NASH
>SMOAK & STEWART, P.C.
>100 North Tampa Street, Suite 3600
>Tampa, Florida 33602
>Tel:    (813) 289-1247
>Fax:    (813) 289-6530
>Chris.cascino@ogletreedeakins.com
>deeanna.hays@ogletreedeakins.com
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of October, 2022, I electronically filed the foregoing **DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiffs' counsel, Andrew R. Frisch at afrisch@forthepeople.com and Chanelle J. Ventura at Cventura@forthepeople.com, including all secondary electronic mail addresses on file with the Clerk.

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ C. Garner Sanford, Jr.*
C. Garner Sanford, Jr.
(GA Bar No. 005020) (*Pro Hac Vice*)