UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL MARTINS, individually and on behalf of others similarly situated,**

    Plaintiffs,

v.   CASE NO: 8:16-cv-03145-MSS-CPT

**FLOWERS FOOD, INC., FLOWERS BAKING CO. OF BRADENTON, LLC, FLOWERS BAKING CO. OF VILLA RICA, LLC, FLOWERS BAKING CO. OF MIAMI, LLC, FLOWERS BAKING CO. OF JACKSONVILLE, LLC, and FLOWERS BAKING CO. OF THOMASVILLE, LLC,**

    Defendants.

## ORDER

Upon review of Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (the "Motion"), (Dkt. 426), Plaintiffs' response in opposition, (Dkt. 427), and Defendants' Reply, (Dkt. 431), the Court **DENIES** Defendants' Motion.

Defendants, including Flowers Baking Co. of Villa Rica, LLC ("Villa Rica"), previously filed motions to dismiss pursuant to Fed. R. Civ. P. 12, none of which raised Rule 12(b)(2) or a personal jurisdiction defense. (See Dkts. 87 & 168). Defendants argue in the Motion, for the first time in any motion to dismiss filed by any defendant in this action, that the Court lacks personal jurisdiction over claims asserted against Villa Rica by plaintiffs who were under contract solely with Villa Rica and performed

contract work solely in Georgia or Alabama, or otherwise outside of Florida (the "Villa Rica Plaintiffs"). (Dkt. 426) "[T]herefore, their claims in this litigation arise solely from their contacts with Villa Rica, a Georgia-based subsidiary Defendant in this case." (Id. at 2)

Defendants contend they are not barred from raising the personal jurisdiction defense as to Villa Rica because they could not have raised it (much)[1] earlier. (Dkt. 431) Indeed, Rule 12(g)(2) bars a successive motion to dismiss that first raises a personal jurisdiction defense that "was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); accord Norfolk S. Ry. Co. v. Boatright R.R. Prods., Inc., No. 2:17-CV-01787-AKK, 2019 WL 4455995, at *1 (N.D. Ala. May 23, 2019). A defense is "available" under Rule 12(g)(2) unless "its legal basis [does] not exist at the time of the answer or pre-answer motion, so that it [is] for all practical purposes impossible for the defendants to interpose their defense." Noveshen v. Bridgewater Assocs., LP, No. 13-CV-61535-KAM, 2015 WL 11170928, at *3 (S.D. Fla. July 20, 2015).

The personal jurisdiction defense advanced in the Motion was available to Defendants (including Villa Rica) from the inception of this action. Villa Rica even asserted that the Court lacked personal jurisdiction over it in its answers. (Dkts. 33 & 202) Defendants make much of the fact that identities of the Villa Rica Plaintiffs whose

---

[1] Defendants observe they "moved for decertification on May 14, 2021 (D.E. 317), and that issue was not ultimately resolved until recently, on November 25, 2024. (D.E. 404)." (Dkt. 426 at 20) Defendants filed the Motion on November 6, 2025. Defendants' offer no explanation for their delay of more than eleven months.

claims would advance to trial were not crystalized until "recently" in November 2024. (See Dkt. 426 at 20) But Defendants did not require the Villa Rica Plaintiffs' identities to assert a personal jurisdiction defense in connection with claims against Villa Rica. Defendants knew or should have known from the outset of this case that some plaintiffs were under contract solely with Villa Rica and performed contract work solely in Georgia or Alabama, or otherwise outside of Florida, and, therefore, their claims in this litigation arise solely from their contacts with Villa Rica. Defendants contend that the personal jurisdiction defense was not available when they filed their first motion to dismiss on July 7, 2017 because "the only information Defendants had was the names of the 21 original Plaintiffs . . . and the fact that seven of them had signed arbitration agreements . . . ." (Dkt. 431 at 4) Defendants ignore that the initial Complaint (and the Amended Complaint) defined the putative class such that its members would include the Villa Rica Plaintiffs. (Dkts. 33 at 15; 198 at 15) That Defendants did not know which plaintiffs' claims would proceed to trial did not preclude Defendants from asserting a personal jurisdiction defense in connection with the Villa Rica Plaintiffs' claims regardless of their identities. Because Defendants failed to raise the personal jurisdiction defense in their first motion to dismiss and no exception to Rule 12(g)(2) applies, they forfeited the ability to raise the defense now. See Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004); Palmer v. Braun, 376 F.3d 1254, 1259 n.4 (11th Cir. 2004); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

Independent of Defendants' forfeiture of their personal jurisdiction defense

pursuant to Rule 12(g)(2), the defense is also barred as a result of conduct in litigating this case. As Defendants concede:

> First, courts pay close attention to the length of time that elapses between service of process and a defendant's pursuit of a personal jurisdiction defense via a Rule 12(b)(2) motion. The longer the time interval, the more likely it is that courts will find a waiver.
>
> …
>
> Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant's involvement in the action. The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction and impliedly consented to a court's jurisdiction.

(Dkt. 426 at 18 (quoting Matthews v. Brookstone Stores, Inc., 431 F. Supp. 2d 1219, 1224-25 (S.D. Ala. 2006))) Both considerations weigh in favor of forfeiture. Defendants filed the Motion more than eight years after Villa Rica filed its initial answer, a quantum of time that cannot be explained by the pendency of ancillary disputes concerning certification and arbitration. Cf. Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999) (determining that defendant forfeited personal jurisdiction defense by failing to raise it for four years after inclusion of defense in answer); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (finding waiver where defendants did not actively contest personal jurisdiction for more than two and a half years after listing the defense in their answer); Plunkett v. Valhalla Investment Services, Inc., 409 F. Supp. 2d 39, 41-42 (D. Mass. 2006) (finding that defendants abandoned personal jurisdiction defense by referencing it in their answer, then waiting thirteen months before litigating the defense); Schwartz v. M/V

4

GULF SUPPLIER, 116 F. Supp. 2d 831, 835 (S.D. Tex. 2000) (deeming waiver to have occurred where defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until eve of trial, some nine months after action commenced). Moreover, Defendants, including Villa Rica, have actively litigated this case since it was initiated nine years ago. Villa Rica was no passive participant in this litigation. Defendants took depositions, propounded discovery on plaintiffs (including the Villa Rica Plaintiffs), and engaged in extensive motion practice. See Salinero v. Johnson & Johnson, Inc., No. 18-CIV-23643-RAR, 2019 WL 2410076, at *5 (S.D. Fla. June 7, 2019) (finding forfeiture of personal jurisdiction defense where the defendant "repeatedly and substantially participated in the litigation, availed itself of judicial resources in this forum, and indicated a dogged commitment to engaging in and pursuing discovery."); Am. Airlines, Inc. v. Spada, No. 23-21844-CIV, 2024 WL 2797379, at *4 (S.D. Fla. May 1, 2024) ("[T]he Court agrees that Spada has waived his ability to challenge personal jurisdiction not only because he failed to raise it in his previous motions but also because Spada has actively engaged in this litigation over nearly a year by initiating several discovery requests and filing numerous motions. The Court is also not persuaded by Spada's claim that the defense was not available to him previously."). Defendants' conduct, in conjunction with the extraordinary length of time that has passed since Villa Rica first raised its personal jurisdiction challenge in an answer, counsels in favor of forfeiture of the personal jurisdiction defense.

For the reasons stated above, Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), (Dkt. 426), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of December 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person